**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CAROL A. WALLACE AND** | § | |
| **DENNIS A WALLACE JR.** | § | |
| | § | |
| **V.** | § | **A-14-CV-691-LY** |
| | § | |
| **BARBARA HERNANDEZ** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Second Motion to Dismiss under Rule 12(b) for Lack of Subject Matter Jurisdiction, filed on December 15, 2014 (Dkt. No. 17); Plaintiffs' Response, filed on December 22, 2014 (Dkt. No.18); Plaintiffs' Motion for Declaratory Judgment, filed on February 6, 2015 (Dkt. No. 19); and Plaintiffs' Request for a Hearing on Declaratory Judgment filed on February 26, 2015 (Dkt. No. 22).  The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.   GENERAL BACKGROUND

Carole A. Wallace and Dennis A. Wallace, Jr. ("Plaintiffs") are attempting to challenge a Travis County Probate Court's ruling on an heirship application filed in the Estate of Ruby Greer Wallace ("Ruby"), their deceased father.  Barbara Wallace Hernandez ("Hernandez") filed an application for a declaration of heirship in Ruby's Estate contending that she was the only child of her deceased father, William Edward Wallace (Ruby's other son).  Plaintiffs contested Hernandez's application.  Following a bench trial, the Probate Court declared that Plaintiffs and Hernandez each had a one-third interest in Ruby's Estate.  *See In re Estate of Ruby Greer Wallace*, No. 87195 (Prob.

Ct. No. 1, Travis County, Tex. June 3, 2010). Plaintiffs appealed the ruling, arguing that the trial court erred by applying current versions of the Texas Probate Code and Texas Family Code, by admitting a genetic test report that violated their due process rights, and by excluding testimony concerning alleged statements by Ruby and William Edward. They also challenged the sufficiency of the evidence to support the judgment. The Third Court of Appeals affirmed the Probate Court's judgment. *See In re Estate of Ruby Greer Wallace*, 2013 WL 4817740 (Tex. Civ. App.– Austin Aug. 28, 2013, pet. denied). On March 28, 2014, the Texas Supreme Court denied the Plaintiffs' petition for review.

Plaintiffs have now filed the instant *pro se* federal lawsuit against Hernandez attempting to challenge the Travis County Probate Court's rulings on Hernandez's application for a declaration of heirship.[1] On December 3, 2014, Hernandez filed her first Motion to Dismiss under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction. Because the one-sentence Motion to Dismiss violated Local Rule CV-7(d)(1), the Court struck the Motion from the record. Dkt. No. 15. Hernandez has now filed a Second Motion to Dismiss under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert a lack of subject-matter jurisdiction as a defense to suit. Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction by a preponderance of the evidence rests with the party seeking to invoke it. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). In evaluating a challenge to subject-matter jurisdiction, the Court is free to weigh the evidence and resolve factual

---

[1]Plaintiffs have failed to explain why they named Hernandez, a private individual, as a defendant in this case.

disputes so that it may be satisfied jurisdiction is proper. *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting its inquiry, the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.* The Court must take the allegations in the complaint as true and draw all inferences in the plaintiff's favor. *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States*, 776 F.2d 116, 117 (5th Cir. 1985). Dismissal is warranted if the plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject-matter jurisdiction. *See Saraw*, 67 F.3d at 569; *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992).

### III.  ANALYSIS

Hernandez argues that this Court lacks subject matter jurisdiction over this lawsuit under the *Rooker-Feldman* abstention doctrine.[2] The *Rooker-Feldman* doctrine prevents state-court litigants "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). The rule derives from 28 U.S.C. § 1330, which limits district-court jurisdiction to cases in which federal courts have original jurisdiction, and § 1257, which gives the Supreme Court jurisdiction to hear appeals from a state's highest court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 290-91 (2005). As the Supreme Court has explained, the *Rooker–Feldman* doctrine, is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the

---

[2] The *Rooker-Feldman* doctrine refers to the abstention doctrine derived from the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.

Plaintiffs attempt to invoke this Court's jurisdiction by claiming that their constitutional rights were violated by the Probate Court's retroactive application of the Texas Family Code and Texas Probate Code.  As evidenced by their briefing, however, Plaintiffs are attempting to appeal the state probate court's rulings on the contested heirship proceeding.  For example, while in one place Plaintiffs argue that they are "questioning the constitutionality of state statute,"[3] in another they request that the Court "determine that rulings of both trial and appellate courts erred" and "that the case be remanded to the trial court level for a new trial."  Dkt. No. 2 at 12. Just as they argued to the Third Court of Appeals, Plaintiffs contend here that the Probate Court "made no effort to weigh the evidence presented by respondents," erred by applying current statutory provisions, wrongly admitted a DNA report, and incorrectly excluded certain testimony.  Dkt. No. 4 at 5.  As discussed above, the Third Court of Appeals has already rejected all of these arguments.  Despite Plaintiffs' attempt to frame this case as a civil rights suit attacking the constitutionality of a state statute, the essential relief sought is review and reversal of the Probate Court's rulings against them.  "It is a well-settled principle that a plaintiff may not seek a reversal in federal court of a state court judgment simply by casting his complaint in the form of a civil rights action." *Reed v. Terrell*, 759 F.2d 472, 473 (5th Cir.), 474 U.S. 946, *cert. denied,* 474 U.S. 946 (1985).  While a losing plaintiff in state court proceedings may be able in some instances to mount a general constitutional challenge to a state statute in federal court, *Feldman*, 460 U.S. at 487, the "essential relief" sought by Plaintiffs in the instant case is reversal of the Probate Court's rulings against them.  *See Id.*; *Kimball v. Florida Bar*, 632 F.2d 1283, 1284 & n. 3 (5th Cir. 1980) (federal complaint, in essence, sought reversal of state

---

[3]Dkt. No. 16 at 1.

court judgment although cast in form of general constitutional attack); *Almon v. Sandlin*, 603 F.2d 503, 506 (5th Cir. 1979) ("Although Almon has styled his complaint in the form of a civil rights action seeking monetary damages for alleged constitutional violations, this action is patently an attempt to collaterally attack the validity of the final judgment of the Supreme Court of Alabama"). Plaintiffs are "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. Under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to undertake such a review.[4]

The Court further notes that "a federal court has no jurisdiction to probate a will or administer an estate," nor can a federal court "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in custody of the state court. . . ."[5] But this is exactly what Plaintiffs are asking this Court to do in this case. Accordingly, this Court lacks jurisdiction to review the probate matters raised in this case. *See Blakeney v. Blakeney*, 664 F.2d 433, 434 (5th Cir. 1981) (affirming district court's finding that it lacked jurisdiction to hear claims

---

[4]*See Phinzy v. State of Alabama*, 847 F.2d 282, 283 (5th Cir. 1988) (holding that under the *Rooker-Feldman* doctrine, the district court lacked subject matter jurisdiction over complaint attempting to overturn incompetency determination of Alabama county probate court); *Burgo v. Burgo,* 2014 WL 6306690, at * 3 (W.D. La. Nov. 12, 2014) (finding that the court lacked jurisdiction under the *Rooker-Feldman* doctrine where alleged heir "seeks to challenge and overturn the state probate court's final judgment of possession, disposing of all the succession property to the decedent's surviving spouse."); *Washington v. Riley*, 2014 WL 993515, at * 3 (W.D. La. March 13, 2014) (same)

[5]*Markham v. Allen*, 326 U.S. 490, 494 (1946). *See also, Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) ( "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."); *Lathan v. Edwards*, 121 F.2d 183, 184 (5th Cir. 1941) ( "A Federal court is without jurisdiction to annul the judgment of a state probate court even on the ground of fraud and compel the administrator to make a new accounting in Federal Court").

where matters raised by plaintiffs concerned the probate of an estate); *Burgo,* 2014 WL 6306690, at * 2 (relying on *Markham* in finding that the court lacked jurisdiction over Louisiana succession proceeding).

Based upon the foregoing, the Court finds that it lacks jurisdiction over the instant lawsuit. Accordingly, the Court recommends that the District Court grant Hernandez's Motion to Dismiss.

## IV.  RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** Defendant Barbara Hernandez's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 17) and dismiss this case in its entirety, including Plaintiffs' Motion for Declaratory Judgment (Dkt. No. 19).  Plaintiffs' Request for a Hearing (Dkt. No. 22) is **DENIED**.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of March, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE